IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM D. TURNER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 11-1701 |
| TOM CORBETT, et al. | : | |

**MEMORANDUM**

Ludwig, J. March 20, 2012

This is a prisoner civil rights action under 42 U.S.C. § 1983. Jurisdiction is federal question. 28 U.S.C. § 1331. Plaintiff William D. Turner, *pro se*, an inmate at SCI-Mahanoy, is serving a life sentence. The amended complaint alleges that Pennsylvania officials and SCI-Graterford personnel[1] violated his Eighth and Fourteenth Amendment rights by (1) giving plaintiff a misconduct for disobeying an order to be housed with a cellmate; (2) placing him in disciplinary housing following a hearing at which he pleaded guilty to the misconduct; (3) returning him to the general population in a cell with a roommate and a top bunk assignment despite a doctor's note granting him lower bunk status, and (4) not adequately treating certain injuries. Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6).[2] The motion will be granted; however, plaintiff will be permitted until Friday,

---

[1] The complaint arises from incidents that occurred while plaintiff was an inmate at SCI-Graterford. Defendants are Former Attorney General Tom Corbett, Secretary of Corrections Shirley Moore Smeal, Chief Hearing Examiner Robert MacIntyre, Graterford Superintendent Michael Wenerowicz, Hearing Examiner Mary Canino, Lieutenant Gary Knapp, Sergeant Calvin Phipps, Grievance Coordinator Wendy Shaylor and Unit Managers Therese Valliere-Fanrak and Stacy O'Mara.

[2] In deciding a motion to dismiss, a court must accept as true all of the complaint's well-pleaded facts. It may disregard any legal conclusions. Walthour v. Child & Youth Services, 728 F.Supp.2d 628, 635 (E.D. Pa. 2010), citing Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11

April 6, 2012 within which to file a second amended complaint if the pleading complies with the requirements of the Federal Rules of Civil Procedure.[3]

According to the amended complaint, on July 27, 2010, upon transfer to SCI-Graterford, plaintiff refused to be housed with a cellmate and was given a misconduct by defendants Knapp and Phipp. Amended Complaint, 20; 31. Following a hearing before defendant Canino, plaintiff pleaded guilty and received 30 days in disciplinary custody. Amended complaint, 20, 21; Disciplinary Hearing Report, Exhibit K to plaintiff's amended complaint. Plaintiff contends that the conduct of this hearing violated his due process and equal protection rights under the Fourteenth Amendment. Amended complaint, 21.

On August 12 or 13, 2010, plaintiff was released from disciplinary custody and returned to the general population, where he was placed in the top bunk of a double cell despite a doctor's note specifying lower bunk status. Amended complaint, 22. The note, however, was not in the file transmitted to SCI-Graterford. Response to grievance, Exhibit H to plaintiff's amended complaint ("There was no indication on DOCNet, until August 13, 2010, that you were to be housed on the bottom bunk. There is no previous indication of this requirement, either. Additionally, medical staff have indicated there was nothing in your

---

(3d Cir. 2009). In order to survive the motion, a complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests, and must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

[3] Plaintiff is *pro se* and has not requested appointment of counsel. He has amended his complaint once. He has responded to defendants' motion with a memorandum of law, see docket no. 15, and four affidavits in support of his memorandum, see docket nos. 25, 28, 29 and 30.

medical file.”). The amended complaint alleges that not being placed in a lower bunk constituted cruel and unusual punishment in violation of plaintiff’s Eighth Amendment rights on the part of Unit Managers O’Mara and Valliere-Fanrak. Amended complaint, 23, 27. The amended complaint also alleges that plaintiff sustained injury to his foot and legs (though not described), and anxiety attacks upon being placed in a double cell. Amended complaint, 23; 27; 32; 35. Upon amendment, the complaint added claims against physician’s assistant Tony Inuzzy for removing and later returning plaintiff’s lower bunk status in May 2011, as well as treating him with only ibuprofen for bruises on his arm (source, not described), thereby violating plaintiff’s Eighth Amendment rights. Amendment to complaint, 2.[4]

For the following reasons, plaintiff’s amended complaint does not state a claim against defendants:

1. Plaintiff’s §1983 claims against the Commonwealth defendants are barred by the Eleventh Amendment. U.S. Const., Amend XI; Idaho v. Couer d’Alene Tribe of Idaho, 521 U.S. 261 (1997). Suits against states and state officials are limited to three circumstances, none of which exists here: Pennsylvania has expressly withheld consent to be sued, 42 Pa.C.S.A. 8521(b); Section 1983 does not abrogate Eleventh Amendment immunity, Quern v. Jordan, 440 U.S. 332 (1979); and prospective injunctive relief for a continuing violation of federal law is not involved, Ex Parte Young, 209 U.S. 123, 159-60 (1908).

[4] Plaintiff concedes that double-celling itself does not constitute cruel and unusual punishment. Plaintiff’s “Affidavit in Support of Objections to Motion to Dismiss,” ¶ 3 (docket no. 30).

2. The Commonwealth defendants are not suable "persons" under § 1983, Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989).

3. Sovereign immunity bars plaintiff's state law claims against the Commonwealth defendants because the claim alleged - negligence, amended complaint, ¶ 36 - is not one of the enumerated exceptions to sovereign immunity set forth in the Pennsylvania Judicial Code. 42 Pa.C.S.A. § 8522(b).

3. Commonwealth defendants Corbett, Smeal, MacIntyre and Wenerowicz have no liability under § 1983 because they are not alleged to have personally participated in, intentionally assisted, directed, or knowingly acquiesced in any action that violated plaintiff's rights. Evancho v. Fisher, 423 F.3d 347, 353-54 (3d Cir. 2005). Liability under § 1983 cannot be predicated on respondeat superior. Monell v. Department of Soc. Serv., 436 U.S. 658, 691 (1978).

4. The allegations as to the denial of due process and equal protection in connection with the hearing conducted by defendant Canino are not specific enough to satisfy the pleading requirements governing those claims. United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392, 401 (3d Cir. 2003) (to state a claim for violation of substantive due process rights, the complaint must contain facts alleging that government officials acted in a manner that was "arbitrary, or conscience shocking in a constitutional sense."); Schwartz v. County of Montgomery, 843 F.Supp 962, 969 (E.D. Pa. 1994) (to state a claim for violation of procedural due process, the complaint must contain facts alleging that plaintiff was deprived of a protected liberty interest, without due process, by the defendants,

acting under color of state law, and that plaintiff was injured as a result); (Kuhar v. Greenseburg-Salem S.D., 616 F.2d 676, 677 n.1 (3d Cir. 1980 (to state an equal protection claim, the complaint must alleged that the prisoner "receiv[ed] different treatment from that received by other individuals similarly situated.")

5. The allegations as to the lack of medical care do not comport with the applicable pleading requirements. In order to state an Eighth Amendment claim as to inadequate medical care, a plaintiff "must point to evidence that demonstrates both (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need." Walker v. Walsh, 2012 WL 314883, at *2 (M.D. Pa., filed Feb. 1, 2012), citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

The amended complaint falls far short. Though it states that injuries were sustained, they are not described, nor is the source of the injury identified. The existence of a serious medical need, therefore, is not adequately pleaded. The allegations that plaintiff received ibuprofen, but no x-ray for an injury to his shoulder, are not sufficient to amount to deliberate indifference to plaintiff's serious medical need. "Neither negligent treatment nor the mere disagreement as to the proper course of treatment is sufficient to establish a constitutional violation." Walker, 2012 WL 314883, at *2, citing Estelle v. Gamble, 429 U.S. 97, 106 (1976).

6. The allegations as to non-assignment to a lower bunk do not state a claim against any specific defendant. It is not alleged that any particular defendant or defendants both knew of the doctor's note granting plaintiff lower bunk status and disregarded the directive.

Walker, 2012 WL 314883, at *4. Further, though there are some allegations that plaintiff is "disabled," the disability is not described: the nature and extent of the risk posed by a top bunk assignment cannot be evaluated. See, e.g., Sanderson v. Green, 2011 U.S. Dist. LEXIS 16669, at *12-13 (S.D. Ga. 2011) ("the cases establishing that intentional interference with a prescription for medical treatment violates the Eighth Amendment were not sufficient to give Defendant fair warning that requiring Plaintiff to take the top bunk despite his bottom bunk profile constituted unconstitutional deliberate indifference."); Felix-Torres v. Graham, 2009 U.S. Dist. LEXIS 98693, at *53 (N.D. N.Y. 2009) ("Negligently failing to cause a prisoner to be assigned to a lower bunk does not satisfy the subjective element of the legal standard governing claims of deliberate indifference to a serious medical need under the Eighth Amendment.")

If plaintiff files a second amended complaint, it must comply with the applicable Federal Rules of Civil Procedure pleading requirements.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.